UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TYRONE MCMILLIAN, JR,

        Petitioner,

    v.                                    Case No. 16-cv-0417-bhl

UNITED STATES OF AMERICA,

        Respondent.

---

## ORDER DENYING §2255 PETITION

---

On August 18, 2011, the United States Marshals Service arrested petitioner Tyrone McMillian pursuant to a warrant issued by Magistrate Judge Patricia Gorence. (11-cr-0193-pp-1, ECF No. 5.) On September 7, 2011, a federal grand jury sitting in the Eastern District of Wisconsin handed down an indictment charging McMillian with three sex-trafficking counts. (16-cv-0417-bhl, ECF No. 10 at 3.) A little over a month later, that same grand jury handed down a superseding indictment charging McMillian with eight sex-trafficking counts. (*Id.*) On June 5, 2013, a jury found McMillian guilty of seven of the eight counts. (*Id.*) The Court initially sentenced McMillian to 360 months on Counts 1, 2, 4, and 5 and 240 months on Counts 3, 6, and 8, all to run concurrently. (*Id.* at 4.) McMillian appealed to the Seventh Circuit, which ultimately remanded the case for resentencing. (*Id.* at 4-5.) At resentencing, the Court lowered McMillian's sentence to 180 months imprisonment, the statutory mandatory minimum for his offenses. (*Id.* at 5.) On April 5, 2016, McMillian filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. Section 2255. (16-cv-0417-bhl, ECF No. 1.) The motion enumerates eight bases for overturning his conviction. (*Id.*) A ninth basis was later added with permission of the Court. (16-cv-0417-bhl, ECF No. 15.) The petition is now fully briefed. Because none of the bases, alone or cumulatively, entitle McMillian to relief, his petition will be denied.

### RELEVANT BACKGROUND

The government charged McMillian with 8 counts of sex trafficking, and a jury convicted him on all but one (he was acquitted on Count 7). (16-cv-0417-bhl, ECF No. 10 at 3.) Count 1

alleged sex trafficking by use of force, fraud, or coercion in violation of 18 U.S.C. Section 1591. (11-cr-0193-pp-1, ECF No. 24 at 1.)  It concerned a woman called "Jessica," also know as "Adult #1." (*Id.*)  Counts 2, 4, and 7 alleged sex trafficking of a child in violation of 18 U.S.C. Section 1591. (*Id.* at 2, 4, 7.)  These counts involved "Jade," also known as "Child #1;" "Jazmine," also known as "Child #2;" and a third alleged victim known as "Child #3." (*Id.*)  Counts 3, 6, and 8 alleged coercion and enticement in violation of 18 U.S.C. Section 2422(a). (*Id.* at 3, 6, 8.)  These counts also related to "Jessica," or "Adult #1." (*Id.*)  Count 5 alleged attempted sex trafficking of a child in violation of 18 U.S.C. Sections 1591 and 1594. (*Id.* at 5.)  That count concerned "Cherish," also known as "Child #4." (*Id.*)  McMillian ultimately received a sentence of 180 months imprisonment, the mandatory minimum for a person convicted of Count 1. (11-cr-0193-pp-1, ECF No. 173.)

## LEGAL STANDARD

Habeas corpus relief under 28 U.S.C. §2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Relief is "limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (internal quotations omitted).  A court can resolve a §2255 petition without an evidentiary hearing if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255(b).

## ANALYSIS

McMillian's motion raises nine separate grounds for relief.  Six are premised on the notion that his trial counsel was constitutionally ineffective.  Two are based on prosecutorial misconduct. And the final ground alleges entitlement to relief based on cumulative error.  Each ground can be resolved on the record, and none states a claim for habeas relief, so McMillian's motion will be denied.

## I.     McMillian Cannot Prove Ineffective Assistance of Counsel.

McMillian alleges that trial counsel was ineffective: (1) based upon his performance at closing argument; (2) for failing to object to the prosecutor's closing argument; (3) for failing to object to the prosecutor's opening statement; (4) for failing to interview and call certain witnesses; (5) for failing to object to an "ostrich instruction"; and (6) for all the previously listed failures in aggregate.

"To succeed on [a] claim of ineffective assistance of counsel, [the petitioner] must show his counsel's performance was deficient and he was prejudiced as a result." *Felton v. Bartow*, 926 F.3d 451, 463 (7th Cir. 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The so-called "performance prong" of this inquiry requires the petitioner to show that counsel's performance "was objectively unreasonable under the circumstances." *Laux v. Zatecky*, 890 F.3d 666, 673 (7th Cir. 2018). The "prejudice prong" requires the "petitioner to 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 674 (quoting *Strickland*, 466 U.S. at 694). This test is "'highly deferential' to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (internal quotations omitted). Courts, therefore, "apply a strong presumption that 'decisions by counsel fall within a wide range of reasonable trial strategies.'" *Id*. at 418 (quoting *United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir. 1998)). If the Court finds either of the two prongs wanting, it may deny the claim without further consideration. *See Felton*, 926 F.3d at 463-64. Because McMillian cannot satisfy the prejudice prong on any of his ineffective assistance of counsel claims, his request for habeas relief based on those claims must be denied.

"When challenging his sentence, a petitioner must show that but for counsel's errors, there is a reasonable probability that he would have received a different sentence." *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010). In McMillian's case, his 180-month sentence represents the mandatory minimum sentence for his conviction on Count 1 alone. *See* 18 U.S.C. §1591(b)(1). Thus, unless he can show a reasonable probability that counsel's errors precipitated his conviction on that count, any errors on the other counts are immaterial to his final sentence. Put another way, McMillian cannot show that he would have received a different sentence unless he injects doubt into the propriety of his conviction on Count 1.

The problem is that McMillian's ineffective assistance of counsel claims relate almost exclusively to counts other than Count 1. For example, although McMillian decries his attorney's deficient performance at closing argument, he admits that "[c]ounsel did contest that McMillian had forced or tricked Jessica into prostitution, and so seemed to contest Count One." (16-cv-0417-bhl, ECF No. 15 at 10.) McMillian also claims that his attorney should have objected to the prosecutor's impermissible vouching during closing argument. (*Id.* at 12.) But this supposed vouching related only to the strength of the evidence for Counts 2, 4, 5, and 7. (*Id.* at 12-15)

(arguing that the prosecutor's vouching led the jury to unjustly conclude that McMillian knew the ages of the allegedly underage victims). It had no bearing on Count 1.

Similarly, McMillian contends that his attorney should have objected to argumentative comments the prosecutor made in his opening statement. (*Id.* at 16.) As with the alleged vouching, the apparently argumentative statements concerned only McMillian's knowledge of the underage victims' actual ages, so this argument also did not relate to Count 1. (*Id.* at 16-17.) The infamous "ostrich instruction" did not apply to Count 1 either. (*See* 11-cr-0193-pp-1, ECF No. 85 at 14.) Nor did the testimony of the witnesses McMillian claims his attorney should have interviewed and called to testify. (16-cv-0417-bhl, ECF No. 16 at 10-11.)

McMillian's only claim that even plausibly touches Count 1 is based on cumulative ineffective assistance of counsel. Where the record reveals more than one instance of likely deficient performance, the Court must consider the errors in isolation *and* totality to determine whether, but for those errors, a different outcome was reasonably likely. *See Myers v. Neal*, 975 F.3d 611, 623 (7th Cir. 2020). Whatever the cumulative prejudicial effect of the alleged errors in this case, it is not enough to overcome the unchallenged evidence of McMillian's guilt on Count 1. Assuming one accepted that McMillian's attorney's deficiencies might have led to unwarranted convictions on some of the charged counts, they did not—even in aggregate—overwhelm the evidence of guilt on Count 1, which in and of itself mandated the very sentence that McMillian ultimately received.

One possible wrinkle involves the conditions of McMillian's supervised release. According to the 2015 Resentencing Judgment, McMillian must "comply with the requirement of the Sex Offender and Registration and Notification Act [SORNA] as directed by the probation officer." (11-cr-0193-pp-1, ECF No. 173 at 3.) A habeas petitioner can satisfy *Strickland*'s prejudice prong if he demonstrates that his lawyer's poor performance resulted in stricter conditions of supervised release. *See Faulds v. United States*, 617 F. App'x 581, 584-85 (7th Cir. 2015) (considering petitioner's argument that counsel's failure to challenge conditions of supervised release represented deficient performance). But in McMillian's case, Count 1 alone makes him a "Tier II sex offender" under SORNA, and none of the other counts aggravate or mitigate that fact. *See* 34 U.S.C. §20911(3)(A)(i). Therefore, McMillian cannot demonstrate prejudice, and his ineffective assistance of counsel claims all fail.

## II. McMillian Conceded His Prosecutorial Misconduct Claims.

Habeas claims are procedurally defaulted when the petitioner could have, but did not, raise the purported errors on direct appeal and cannot explain his failure to do so. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 719-20 (7th Cir. 1994). In his reply brief, McMillian concedes that he could have raised his prosecutorial misconduct claims on direct appeal, and he acknowledges that he cannot show good cause for this procedural default. (16-cv-0417-bhl, ECF No. 15 at 4.) Accordingly, he is not entitled to habeas relief on these claims.

## III. McMillian Is Not Entitled to Habeas Relief Based on Cumulative Error.

All that remains is McMillian's contention that but for the slurry of alleged errors, "the outcome of the trial probably would have been different." *Alvarez v. Boyd*, 225 F.3d 820, 825 (7th Cir. 2000). Of course, considering that the prosecutorial misconduct claims were defaulted, the cumulative weight of all the errors at trial is equal to the cumulative weight of the errors committed by counsel as discussed in Section I. As already noted, even taken together, those errors are insufficient to disturb the guilty verdict on Count 1. And since McMillian is currently serving the minimum sentence associated with the statutory violation alleged in that count, there is no compelling argument that counsel's possible errors resulted in an adverse outcome. *See United States v. Groce*, 891 F.3d 260, 271 (7th Cir. 2018).

## IV. A Certificate of Appealability Should Not Issue.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court declines to issue a certificate of appealability because no reasonable jurist could debate that McMillian's petition should have been resolved in a different manner.

**CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's §2255 motion for relief (16-cv-0417-bhl, ECF No. 1) is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**.

Dated at Milwaukee, Wisconsin on March 31, 2022.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge